JjPER CURIAM: *
Granted in part; otherwise’denied. La. C.Cr.P. art. 905.3 provides that a trial judge “may decline to instruct the jury on any aggravating circumstance not supported by evidence.” The article serves the salutary purpose of “preventing] confusion by narrowing the jury’s list of aggravating circumstances to those actually urged by the prosecutor and arguably supported by the evidence.” State v. Summit, 454 So.2d 1100, 1107, n. 13 (La.1984). While a trial judge is not required to, and often cannot, restrict the state’s case in this manner in advance of trial, State v. Flowers, 441 So.2d 707, 717 (La.1983), the long history of this case since the commission of the crime in 1979 provides exceptional circumstances warranting the exercise of the trial court’s discretion before the forthcoming retrial of the penalty phase. Our observation in State v. Brooks, 505 So.2d 714, 720 (La.1987) (emphasis added), that “in this case, there may well have been insufficient proof that Brooks had the intent to condition [the victim’s] release on anyone’s giving up of anything of value” was not necessary to the ultimate disposition of the case and was therefore non binding dicta. Nevertheless, our experience with the record in this case leads us to conclude that, in fact, the defendant and his co-defendant took the victim | gto a remote location solely for purposes of killing him and not for purposes of continuing the sexual assault which had taken place at defendant’s home. The essential extortion element of aggravated kidnapping is therefore absent. See State v. English, 367 So.2d 815, 823 (La.1979); cf. State v. Arnold, 548 So.2d 920, 924 (La.1989). The state may therefore not rely on, nor may the court charge jurors with respect to, the offense of aggravating kidnapping as an aggravating circumstance sufficient to support the return of a capital sentencing verdict. In all other respects, the application is denied.
TRAYLOR and KNOLL, JJ., would deny the writ.

 Johnson, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.